**Entered on Docket
July 27, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: July 26, 2005**

_____
 **DENNIS MONTALI
 U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ELDON BRAUN,<br><br>　　　　　　　　　　Debtor.<br>_____<br>STAR'S EDGE, INC. and<br>HARRY PALMER,<br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELDON BRAUN,<br><br>　　　　　　　　　　Debtor.<br>_____ | Bankruptcy Case<br>No. 04-33139-DM7<br><br>Chapter 7<br><br>Adversary Proceeding<br>No. 04-3333 DM |

**MEMORANDUM DECISION RE NONDISCHARGEABILTY
OF LIABILITY FOR COPYRIGHT INFRINGEMENT**

**I.　Introduction**

　　Star's Edge, Inc. and Harry Palmer ("Plaintiffs") filed a Motion for Summary Judgment or Partial Summary Judgment seeking a determination that a federal district court judgment they recovered against Eldon Braun ("Debtor") is nondischargeable under

section 523(a)(6).[1] The district court judgment against Debtor is for copyright infringement, libel per se, and attorney fees and costs. At a hearing held on June 17, 2005, this court orally announced its determination that the portion of the judgment based on libel per se is nondischargeable. For the reasons stated below, the court concludes that the portion of the judgment for copyright infringement is also nondischargeable. The award of sanctions, attorney fees and costs is also nondischargeable because it is ancillary to a nondischargeable debt.

## II. Issue

Is an award of statutory damages for intentional copyright infringement a willful and malicious "injury" within the meaning of section 523(a)(6) even when the district court stated explicitly that there were no actual damages?

## III. Facts[2]

In October or November of 2000, Debtor completed and released The Source Course, a manuscript designed to help its readers achieve increased consciousness and enlightenment. Prior to producing The Source Course, Debtor had studied similar self-improvement techniques through the Avatar course that was produced and copyrighted by Plaintiffs. Debtor had advanced to the level of Avatar Master and, as such, obtained copies of confidential Avatar materials. Shortly thereafter, Debtor's relationship with

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

[2] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

Plaintiff Harry Palmer soured due to several disputes over Palmer's management of the Avatar program. Debtor left the organization, but never returned his copies of the Avatar course materials, and Palmer assumed the materials had been destroyed.

After publication of <u>The Source Course</u>, Plaintiffs filed suit against Debtor alleging copyright infringement and libel per se, among other claims. In a decision filed on July 15, 2003, the United States District Court for the Middle District of Florida (the "district court") found that Debtor had infringed Plaintiffs' copyright and committed libel per se. That court awarded Plaintiffs $36,000 in damages based on the copyright infringement claim, including $30,000 of statutory damages and an additional $6,000 for unjust enrichment reflecting Debtor's profits from <u>The Source Course</u>. The district court awarded Plaintiffs $20,000 for the libel per se claim and also ordered Debtor to pay sanctions and Plaintiffs' attorney fees and costs.[3]

The copyright infringement award was based on 17 U.S.C.A. § 504(c), which states in pertinent part that plaintiff is entitled to "recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . a sum of not less than $750 or more than $30,000 as the court considers just." The district court went on to state that its award of $36,000 "reflects the Court's conclusion that Palmer has suffered no actual damages as a result

---

[3] The attorney fees and costs are yet to be determined. Sanctions in the amount of $5,740 were awarded to Plaintiffs on September 17, 2002, and another $24,332.53 was awarded on November 27, 2002.

-3-

of the infringement." The district court's conclusion that there were no actual damages seems to be based on Palmer's admission that his sales and enrollment in Avatar courses had not declined because of availability of <u>The Source Course</u>. This court does not know whether Plaintiffs attempted to prove actual damages, only that Plaintiffs did seek statutory damages.

**IV. <u>Discussion</u>**

Under section 523(a)(6), a discharge under section 727 does not discharge an individual debtor from any debt – "(6) for willful and malicious injury by the debtor to another entity or to the property of another entity". Debtor concedes that the district court found his infringement conduct to be willful and malicious. However, he claims that Plaintiffs suffered no injury as a result of his conduct, and that the debt should be discharged.

One Ninth Circuit Court of Appeals decision has held that a debt owed for court-ordered sanctions is nondischargeable under section 523(a)(6). <u>Papadakis v. Zelis (In re Zelis)</u>, 66 F.3d 205, 210 (9th Cir. 1995). In <u>Zelis</u>, the California Court of Appeal had ordered the debtor to pay sanctions to the plaintiffs and to the court due to the debtor's filing of frivolous appeals. The Ninth Circuit affirmed the bankruptcy appellate panel's decision to give collateral estoppel effect to the California Court of Appeal's findings regarding the imposition of sanctions. While part of the sanctions award compensated the plaintiffs for attorney fees and costs, the California Court of Appeal ordered the debtor to pay an additional $4,000 to that court. <u>Zelis v. Papadakis (In re Zelis)</u>, 161 B.R. 469, 471 (B.A.P. 9th Cir. 1993). In addition,

-4-

the state court sanctioned the debtor $20,000 for filing a subsequent frivolous appeal. Id. These sanctions do not appear to serve as compensation for any ascertained amount of actual damages suffered by the court or by the plaintiffs. Instead, they were imposed because "filing a frivolous appeal necessarily causes harm to the opposing parties . . ." Zelis, 66 F.3d at 209. Despite the lack of a finding of specific injury to the plaintiffs, the Ninth Circuit held that the sanctions were imposed due to a willful and malicious injury and were thus nondischargeable.

An award of statutory damages for copyright infringement resembles the court-ordered sanctions of Zelis, not because of who received the sanctions, but because some portion of the sanctions did not serve as compensation for actual injury. Congress presumably allows recovery of statutory damages in lieu of actual damages in copyright infringement actions because it recognizes that the existence of financial harm caused by a copyright infringer is difficult to prove and difficult to quantify accurately. See Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc., 329 F.2d 194, 195-96 (2d Cir. 1964) (stating that statutory damages allow "the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits"). Additional motives for imposing statutory damages might include deterring future infringements or punishing infringers. However, Congress labeled these damages as "statutory" rather than "punitive" which suggests that they are not solely awarded for the sake of punishment, but also as compensation for unproven harm. By

-5-

Case: 04-03333   Doc# 27   Filed: 07/26/05   Entered: 07/27/05 08:41:18   Page 5 of 12

allowing the recovery of statutory damages, Congress decided that it is appropriate to award damages in the absence of proven injury. This decision signals that an act of copyright infringement causes harm by its very nature. The court based its award of sanctions in Zelis on the similar premise that frivolous lawsuits necessarily cause harm, and the bankruptcy court found that the debt was attributed to a willful and malicious injury. Statutory damages for copyright infringement are also indicative of injury and, therefore, are nondischargeable in bankruptcy.

Although the Ninth Circuit's decision in Zelis predates the United States Supreme Court's decision in Kawaauhau v. Geiger, 523 U.S. 57 (1998), and the Ninth Circuit's decision in Carillo v. Su (In re Su), 290 F.3d 1140 (9th Cir. 2002), these more recent decisions do not undermine the reasoning of Zelis. Geiger holds that a debt attributable to an injury that results from recklessness or negligence is dischargeable even if the act that caused the injury was performed intentionally. Su holds that the court must apply either a subjective test when determining whether an act was performed with the intent to injure, or determine with substantial certainty that injury would occur. Geiger and Su both involve conduct that can result in more than one outcome. Geiger determines the dischargeability of a debt incurred in a medical malpractice judgment while Su involves a debt for a personal injury resulting from an auto accident. Performing a medical procedure and driving an automobile are activities that can be executed intentionally, but in a manner that is reckless or negligent with regard to the outcome. On the other hand, activities such as filing a frivolous lawsuit (as the debtor did

-6-

Case: 04-03333    Doc# 27    Filed: 07/26/05    Entered: 07/27/05 08:41:18    Page 6 of 12

in <u>Zelis</u>) or infringing a copyright (as Debtor did here) do not have uncertain or variable outcomes.  While a medical procedure can result in either healing or harm, and a physician may cause harm by negligence, copyright infringement is a categorically harmful activity.  One cannot commit intentional copyright infringement and, through his negligence, cause financial harm to the copyright holder.  Rather, harm necessarily follows from the act of infringing regardless of the infringer's state of mind when creating the infringing material.  Therefore, the decision reached in <u>Zelis</u> and the decision reached today do not conflict with the holdings of the <u>Geiger</u> court or the <u>Su</u> court.

In another quite recent decision, the Ninth Circuit held that a judgment for libel could be attributed to a willful and malicious injury within the meaning of section 523(a)(6).  <u>Jett v. Sicroff (In re Sicroff)</u>, 401 F.3d 1101, 1107 (9th Cir. 2005).  Since the debtor conceded that his actions were willful, the <u>Sicroff</u> court only determined that the debtor had caused a malicious injury to plaintiff.  <u>Id.</u>  In its findings, the court did not explicitly ascertain the existence of an actual, proven injury to the plaintiff.  The court stated that, for an action to be malicious, it must necessarily cause injury, and that, since "Sicroff's statements were directed at Jett's professional reputation" they would "necessarily harm him in his occupation."  <u>Id.</u> at 1106.  The Ninth Circuit must have reasoned that if conduct necessarily causes harm, an independent finding of injury is

Case: 04-03333    Doc# 27    Filed: 07/26/05    Entered: 07/27/05 08:41:18    Page 7 of 12

unnecessary.[4]

Other bankruptcy courts have held that statutory damages for copyright infringement result in nondischargeable debts without expressly addressing the question of whether an award of statutory damages implies the existence of an injury. In Continental Map, Inc. v. Massier (In re Massier), 51 B.R. 229 (Bankr. D. Colo. 1985), a district court had awarded statutory damages to plaintiff for copyright infringement based on 17 U.S.C. § 504(c). The bankruptcy court stated that "[t]he mere fact that the district Court awarded 'damages' is proof that Plaintiff sustained injury and it matters not that these damages are labeled as 'actual' or 'statutory'." Id. at 231. The court also stated that "[w]here there has been a willful copyright infringement, the [d]ebt occasioned thereby is not dischargeable." Id. (citing Gordon v. Weir, 111 F. Supp. 117 (E.D. Mich. 1953)).

Two other bankruptcy courts have held that a debt incurred from statutory damages is nondischargeable even though the court awarding the damages acknowledged that no actual damages were established. In Brzys v. Lubanski (In re Lubanski), 186 B.R. 160 (Bankr. D. Mass. 1995), the court held that a debt incurred in a right to privacy suit was nondischargeable. A state court had awarded liquidated damages to plaintiff based on Massachusetts General Laws, chapter 272, § 99 because the debtor had placed an eavesdropping device in plaintiff's office, thereby violating her privacy rights. The state court awarded these damages even though

---

[4] In fact, the debt was declared nondischargeable before the state court trial had been completed and before damages had been quantified.

-8-

"no actual damages were established." Id. at 162. The Lubanski court interpreted the liquidated damages provision of the Massachusetts right to privacy statute as providing a remedy for "an injury that existed but could not be proven." Id. at 167. The court was "satisfied that, for the purposes of § 523(a)(6), the damages awarded by the State Court were designed to remedy an actual injury." Statutory damages for copyright infringement are similar to unproven damages for violation of privacy in that actual damages resulting from such a wrong are difficult to prove, and legislatures have created a statutory remedy for this reason.

In Cablevision Sys. Corp. v. Cohen (In re Cohen), 121 B.R. 267 (Bankr. E.D.N.Y. 1990), the court declared a debt based on statutory damages nondischargeable as a matter of law on a summary judgment motion. Cohen involved a debtor who had distributed illegal decoders that intercept free cable television channels. The debtor's actions violated 47 U.S.C. § 553, the Cable Act, which allows plaintiffs to recover either actual or statutory damages as the court considers just. In the district court suit, plaintiffs sought and won statutory damages because of the difficulty of proving actual damages. Id. at 269. The bankruptcy court stated that "[a]n award of statutory damages is not indicative of a lack of injury," and noted that statutory damages are "specifically intended for situations where it is virtually impossible to quantify the extent of an individual's injury and resultant monetary damages." Id. In rejecting the debtor's claim that no injury existed, the bankruptcy court stated that "under section 523(a)(6), the proper focus is not upon the injury but rather the focus is upon the nature of the conduct that gives rise

-9-

to the injury." Id. at 272. Copyright infringement, like distribution of illegal cable television decoders, is harmful to the copyright holder by its very nature, and an award of statutory damages indicates that the court found the violation to be significant.

In addition, a bankruptcy court in Herman v. Remick (In re Remick), 96 B.R. 935 (Bankr. W.D. Mo. 1987), tried a copyright infringement action on the merits, awarded statutory damages, and deemed the damages nondischargeable. The Remick court noted that "[i]n determining whether an injury to property has been committed, the standard is whether the defendants have committed an act against the plaintiffs' property rights which is actionable under the general law." Id. at 939. Under this standard, Debtor's copyright infringement was indeed actionable under law and, therefore, constitutes an injury to Plaintiffs' property.

Each of these cases supports the conclusion that statutory damages exist for the purpose of compensating plaintiffs for actual injuries that are difficult to prove. This court interprets the district court's statement that "[Plaintiff] has suffered no actual damages" merely to mean that Plaintiffs did not establish actual damages. Regardless of this distinction, an award of statutory damages for copyright infringement is indicative of an injury. For this reason, Debtor's willful and malicious copyright infringement results in a nondischargeable debt under section 523(a)(6).

Throughout section 523(a), the term "debt for", as found in "debt for willful and malicious injury" in section 523(a)(6), refers to any debt incurred as a result of that injury and does

-10-

not limit the nondischargeable debt to liability for the injury. Cohen v. de la Cruz, 523 U.S. 213, 220 (1998). Cohen v. de la Cruz held that a judgment awarding attorney fees and costs in a suit for fraudulently obtained rent money resulted in a nondischargeable debt under section 523(a)(2)(A). Id. at 223. The Court based its judgment on the reasonable meaning of the various exceptions to discharge set forth in section 523(a) and on the policy concerns underlying these exceptions. This court concludes that, under Cohen v. de la Cruz, Debtor's obligation to pay sanctions, attorney fees and cost to Plaintiffs is also nondischargeable under section 523(a)(6).

## V. Conclusion

For the reasons stated above, Plaintiffs' Motion for Summary Judgment will be GRANTED. The debts for copyright infringement, libel per se, and sanctions, attorney fees and costs are nondischargeable under section 523(a)(6). Counsel for Plaintiffs should submit a separate order granting the motion for the reasons stated herein, and a judgment declaring the district court judgment nondischargeable. Counsel should comply with B.L.R. 9021-1.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | William F. Abbott, Esq.<br>211 Gough St., Ste. 201 |
| 3 | San Francisco, CA 94102 |
| 4 | Neil Rosenbaum, Esq.<br>Rosenbaum & Associates |
| 5 | 247 Hartford St., Ste. 200<br>San Francisco, CA 94114 |

-12-